IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY E. MOORE,

        Petitioner,

vs.                                                                   Case No. 12-cv-1107-JPG

UNITED STATES OF AMERICA,

        Respondent.


**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).

**1.  Facts**

On May 8, 2008, after a four-day trial, a jury found Petitioner guilty of conspiracy to distribute cocaine base and being a felon in possession of a firearm. *See United States v. Moore*, Case No. 06-cr-40063 (Doc. 309). On December 18, 2008, the undersigned Judge sentenced Petitioner to life imprisonment, a total of ten years supervised release, a fine of $1,000, and a special assessment of $200. *Id*. at Doc. 387. Judgment was entered on December 29, 2008.

Petitioner filed a direct appeal of his conviction alleging that this Court made four reversible errors during his trial. *See United States v. Moore*, 641 F.3d 812 (7th Cir. 2011). Specifically, he argued that this Court (1) should have declared a mistrial because of the prosecutor's question about a gang; (2) erred by admitting drug evidence of drug transactions that occurred before the start of the conspiracy; (3) erred in admitting evidence mentioning dog fighting; and (4) should have declared a mistrial when one of the jurors ran into one of

Petitioner's associates at lunch and described the encounter to other jurors.  *Id*. at 818.

Ultimately, the Seventh Circuit confirmed Petitioner's conviction and sentence.  *Id*.

Thereafter, Petitioner applied for a writ of certiorari to the Supreme Court of the United States that was denied on October 11, 2011.  *See Moore v. United States*, 132 S. Ct. 436 (2011). Petitioner's § 2255 motion was timely filed on October 10, 2012.  He raises four grounds for relief.  Ground one asserts ineffective assistance of pretrial counsel, due to counsel's

> (1) failure to move to dismiss based on the violation of Petitioner's statutory right to a speedy trial (a total of 422 days expired); (2) failure to move to dismiss based on the violation of Petitioner's 6th Amendment right to a speedy trial (a total of 423 days expired); (3) withdrawal of motion to suppress despite Petitioner's objections; (4) failure to join co-defendant's motion to exclude references to guns, violence or gangs, and motion to exclude evidence and reference to statements by government witnesses for alleged events outside the charged conspiracy time frame; (5) failure to move to dismiss based on multiplicity; (6) failure to explain the true risks associated between accepting the proposed plea agreement and proceeding to trial, including the differences in sentences, the true nature and elements of the alleged conspiracy, and the evidence against Petitioner.  Had Petitioner been properly advised, he would have accepted the proposed plea agreement and pled guilty.

Doc. 1, p. 4.  Petitioner asserts these issues were not raised on appeal due to ineffective assistance of appellate counsel.  Ground two alleges ineffective assistance of counsel during trial. Specifically, Petitioner asserts trial counsel was ineffective for his

> (1) failure to move for dismissal due to the government's failure to correct false testimony from its witnesses; (2) failure to move for dismissal due to the government's improper vouching; (3) failure to move for dismissal due to the government's mischaracterization of the evidence; (4) failure to argue the denial of Petitioner's theory of defense due to the court's refusal to allow Petitioner to argue insufficiency of the evidence based on co-defendant's acquittal; (5) failure to move to dismiss based on the constructive amendment of the indictment; (6) failure to move for dismissal based on multiplicity; (7) failure to object to court's failure to give proper informant cautionary instruction; (8) failure to effectively cross examine the government's witnesses; (9) failure to properly argue for acquittal; (10) failure to properly object and argue against the government's references to guns, violence, and gangs; (11) failure to object to testimony by government witnesses concerning alleged events outside the charged time frame of the alleged conspiracy; (12) failure to investigate, call defense witnesses, and

present any meaningful defense; (13) failure to properly argue for mistrial based on juror contact and the government's improper attempts to inflame the jury.

Doc. 1, p. 5.  Petitioner alleges he did not raise this issue on direct appeal because of ineffective assistance of appellate counsel.  Ground three alleges ineffective assistance of counsel during sentencing and on appeal.  Specifically, Petitioner alleges counsel was ineffective for his failure to

(1) argue multiplicity; (2) argue violation of Petitioner's statutory right to a speedy trial; (3) argue violation of Petitioner's 6th Amendment right to a speedy trial; (4) argue constructive amendment of the indictment; (5) argue the violation of Petitioner's right to present his theory of defense; (6) argue failure to give proper informant cautionary instruction; (7) argue the government's improper vouching; (8) argue the government's mischaracterization of the evidence; (9) argue the denial of Petitioner's motion for a new trial based on improper juror contact, the government's references to gangs, and the court's refusal to allow Petitioner to present a meaningful defense; (10) argue insufficiency of the evidence; (11) argue the improper references to gangs, drugs, and violence; (12) argue the unwarranted differences between crack and powder cocaine sentences; (13) argue the government's failure to correct false testimony; (14) argue the denial of Petitioner's motions for a mistrial; (15) properly argue the admission of testimony regarding alleged events outside the scope of the charged conspiracy; (16) properly argue the denial of Petitioner's right to a fair trial.

Doc. 1, p. 7.  Finally, ground four alleges an intervening change in the law.  In the Seventh Circuit's opinion, the Court noted the parties had filed supplemental briefing as to how the Fair Sentencing Act of 2010 would affect Petitioner.  *United States v. Moore*, 641 F.3d 812, 818 n.1 (7th Cir. 2011).  Between that briefing and the appellate decision, the Seventh Circuit held in *United States v. Ball* that the Act was not retroactive and therefore it did not alter Petitioner's sentence.  624 F.3d 803, 814 (7th Cir. 2010).  However, since the time of that appellate decision, Petitioner argues the Supreme Court found the Act to be retroactive and, therefore, it must apply to his sentence.

## 2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

With regard to grounds one through three, Petitioner has alleged ineffective assistance of counsel at all stages of the underlying proceedings.  Accordingly, Petitioner has alleged errors of constitutional magnitude.  Without commenting on the merits of Petitioner's arguments, the Court concludes that grounds one through three of the petition survive preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner has further alleged an intervening Supreme Court decision alters his sentence.  Specifically, he asks this Court to retroactively apply Amendment 750 of the United States Sentencing Guidelines to his crack cocaine offense.  To that end, the Court will direct the Clerk to file ground four of his motion in his criminal case, and that portion of Petitioner's motion will be taken up under Petitioner's criminal case, *United States v. Moore*, Case No. 06-cr-40063.

### 3.   Conclusion

The Court **ORDERS** the Government to file a response to grounds one through three in Petitioner's motion by **January 10, 2013**.  The Government shall, as part of its response, attach all relevant portions of the record.  Petitioner may file a reply brief (no longer than 5 pages) by **January 24, 2013**.  If review of the briefs indicates that an evidentiary hearing is warranted, the Court will set the hearing by separate notice and, if Petitioner qualifies under 18 U.S.C. § 3006A, appoint counsel to represent him at the hearing.

With regard to ground four, the Court **DIRECTS** the Clerk of Court to file a copy of Petitioner's motion (Doc. 1) and this order in *United States v. Moore*, Case No. 06-cr-40063. Further, Administrative Order 137 shall enter with respect to Petitioner's crack reduction motion in *United States v. Moore*, Case No. 06-cr-40063.

**IT IS SO ORDERED.**

**DATED:** December 14, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
