# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY E. MOORE,<br><br>Defendant. | Case No. 4:06-cr-40063-JPG-3 |

## MEMORANDUM & ORDER

This matter comes before the Court on consideration of defendant Anthony E. Moore's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (Docs. 473, 483.) Counsel, who this Court appointed to represent the defendant, has moved to withdraw on the basis that she cannot make a non-frivolous argument in support of a request for reduction. (Doc. 507.) *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion. (Doc. 509.) The defendant has not responded, although the Court gave him an opportunity to do so.

In 2008, a jury found Moore guilty of one count of conspiracy to distribute crack cocaine and one count of being a felon in possession of a firearm. At sentencing, the Court found that Moore was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which produced an offense level of 37. Considering Lesure's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 for prior drug or violent felony convictions, Count I alone yielded an effective guideline range of life imprisonment pursuant to U.S.S.G. §5G.1(b). The Court sentenced Moore to life imprisonment.

1

The defendant has filed two pro se motions asking this Court to apply the changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011). Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower certain base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015).

The Court cannot grant a reduction for the defendant because the defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Court sentenced the defendant to a mandatory life sentence pursuant to statute. Since the effective guideline range is mandatory life imprisonment, it cannot be lowered by any guideline

amendments.

Since the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot reduce his sentence by virtue of the amendments and therefore **DENIES** his motions for retroactive application of the sentencing guidelines (Docs. 473, 483). *See Taylor*, 778 F.3d at 672. The Court **GRANTS** counsel's motion to withdraw (Doc. 507) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant Anthony E. Moore, Reg. No. 07327-025, USP Pollock, U.S. Penitentiary, P.O. Box 2099, Pollock, LA 71467.

**IT IS SO ORDERED.**

**DATED: DECEMBER 6, 2017**

>  s/ *J. Phil Gilbert*
>  **J. PHIL GILBERT**
>  **DISTRICT JUDGE**