UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY E. MOORE,<br><br>Defendant. | Case No. 06-cr-40063-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Anthony E. Moore's Motion to Correct Clear Error in Light of *Conception v. United States*. (Doc. 566).

In 2008, defendant Anthony E. Moore ("Defendant" or "Moore") was convicted of conspiring to distribute at least fifty grams of crack cocaine and of being a felon in possession of a firearm. Because he had four prior drug convictions under Illinois law, he received a mandatory life prison sentence. On August 4, 2020, Moore moved to reduce his sentence under the First Step Act of 2018. This Court granted in part and denied in part his request. The Court decided not to apply intervening case law—namely, the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016)—under which Moore's guideline and statutory ranges would have been lower. The Court explained that based on the relevant sentencing factors under 18 U.S.C. § 3553(a), it would reduce Moore's life sentence to a term of 420 months (thirty-five years). Moore appealed the Court's decision, and the Seventh Circuit Court of Appeals affirmed the Court's decision on April 21, 2022. *United States v. Moore*, 50 F.4th 597, 608 (7th Cir. 2022).

On May 31, 2023, Moore filed the instant motion. (Doc. 566). As a preliminary matter the Court cannot tell whether to evaluate Moore's motion as a motion to alter or amend judgment

pursuant to Federal Rule of Civil Procedure 59(e) or as a motion to vacate judgment pursuant Federal Rule of Civil Procedure 60(b). In his motion he wishes to correct this Court's clear error in light of *Conception v. United States*, which was issued by the Supreme Court on June 27, 2022. Moore states that based on *Conception* this Court committed "clear error by not considering intervening changes of law or fact when it resentenced Defendant to 420 months' imprisonment." (Doc. 566 at 5).

Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion."); *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label). Here, the Court denied and granted in part Moore's motion to reduce sentence in July 2021. Because it is far beyond the 28-day time limit to be considered a 59(e) motion, the Court will construe Moore's motion as a 60(b) motion.

"In order to qualify for relief from a judgment under Rule 60(b)(1)," a movant must demonstrate that the judgment "resulted from mistake, inadvertence, surprise or excusable neglect." *Ellingsworth v. Chrysler*, 665 F.2d 180, 184 (7th Cir. 1981). Rule 60(a) is much narrower in scope; it "allows for a court which has entered a judgment to correct at any time 'clerical mistakes ... and errors therein arising from oversight or omission" by the Court. *Klingman v. Levinson*, 877 F.2d 1357, 1360-61 (7th Cir. 1989). A motion under Rule 60(b) must be made within

a reasonable time—no more than a year after the entry of the judgment or order. See FED. R. CIV. PROC. 60(c)(1).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), aff'd, 4 F.3d 997 (7th Cir. 1993). A Rule 60(b) motion is not an alternative to appeal, else a litigant could extend the time to appeal beyond the limits expressed in the Rules. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667–68 (7th Cir. 2014).

The Court finds that *Conception* does not provide an adequate basis for granting reconsideration. *Conception* held the First Step Act *allows* district courts to consider intervening changes of law or fact in exercising their *discretion* to reduce a sentence. Concepcion v. United States, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2393 (2022) (emphasis added). The Court here exercised its discretion in reducing Moore's sentence. Additionally, as *Conception* has reaffirmed, "only two limitations on district courts' discretion appear in § 404(c): A district court may not

consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act." *Concepcion v. United States*, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2394 (2022). Moore's request for this Court to reconsider its original order reducing his sentence runs afoul to the limitations of this Court's discretion in 404(c).

The Court finds there was no clear error, or misapplication of precedent. This Court, as *Conception* reaffirms, used its discretion to reduce Moore's sentence. The Court evaluated such a reduction using the factors enumerated in § 3553(a). Additionally, because § 404(c) precludes a successive or reconsideration of a decision where a Court has already reduced a defendant's sentence, the Court will deny Moore's motion.

The Court hereby DENIES Defendant Anthony E. Moore's Motion to Correct Clear Error in Light of *Conception v. United States*. (Doc. 566).

**IT IS SO ORDERED.**
**DATED: June 6, 2023**

    /s/ J. Phil Gilbert
    **J. PHIL GILBERT**
    **UNITED STATES DISTRICT JUDGE**